Follett, J.
Appeal from a judgment entered upon the report of a referee and heard on a case.
The plaintiffs allege that between June 21, 1884, and October 9, 1884, they sold and delivered to defendant goods at Utica, N. Y., at the agreed price of $906.13, and admit that defendant has paid therefor $674.76, claiming to be due $231.37, and interest from October 19, 1884.
Defendant alleges that plaintiffs' agreed to deliver the goods at Watertown, and in good order; and that plaintiffs failed to deliver the quantities or qualities agreed, to defendant’s damage in the sum of fifty dollars. That he had paid $777.37, $132.61 more than plaintiffs had credited, and that he had tendered $100, making $282.61.
The referee found due plaintiff................... $231 37
October 14, 1886, date of report, interest to date... 37 52
For which sum of............................... $268 89
And costs, judgment was entered.
The defendant admitted the receipt of .the goods claimed in the complaint at Watertown, N. Y. ,-as alleged, which renders unvailing defendant’s exception at folio 37, and the exception to the referee’s refusal to non-suit.
When a judgment in an action tried before a referee, has been entered upon his report, and an appeal taken under the first subdivision of section 1346 of the Code of Civil *637 Procedure, and the appeal is heard upon a case, the referee’s findings of fact cannot be reviewed unless it appears by the case that it contains all of the evidence, or all bearing upon the question of fact sought to be reviewed. Porter v. Smith, 35 Hun, 118; affirmed, 12 N. Y., State Rep., 479; Spence v. Chambers, 39 Hun, 193.
The case before this court not complying with this rule of practice, the questions of fact discussed in the briefs can not be considered. The record not showing that the defendants submitted requests under section 1023 of the Code of Civil Procedure, the exceptions to the findings of fact present no questions which can be reviewed by this court. Code Civil Procedure, § 993; Porter v. Smith, supra; Spence v. Chambers, supra.
The findings of fact being unassailable, in this court, the conclusions of law, which necessarily flow from the findings of fact, cannot be disturbed.
This leaves for consideration the rulings upon the admission and exclusion of evidence; none of which are deemed worthy of discusión by the appellant; and after having read the case, we are satisfied that none require to be discussed by this court.
The judgment is affirmed, with costs.
Hardin, P. J., and Martin, J. concur.